RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/15/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME L. WEATHINGTON,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-00359 |
| VERSUS | |
| UNITED STATES, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, by Jerome L. Weathington ("Weathington") on February 24, 2010 (Doc. 1) and amended on August 13, 2010 (Doc. 5). The sole remaining defendant is the United States and the sole remaining claim before the court is

---

[1] <u>Bivens</u> defendants are federal officials brought into federal court for violating the Federal Constitution. <u>Bivens</u>-type actions may be brought only against federal agents and not federal agencies. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); <u>Whitley v. Hunt</u>, 158 F.3d 882 885 (5th Cir. 1998). Under <u>Bivens</u>, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. <u>Channer v. Hall</u>, 112 F.3d 214, 216 (5th Cir. 1997).

Weathington's failure to protect claim pursuant to the FTCA.[2] Weathington alleges that, on January 2, 2009, defendant failed to protect Weathington, resulting in an assault on him by another inmate.[3] For relief, Weathington asks for monetary damages and injunctive relief. Weathington is presently confined in the Federal Detention Center in Oakdale, Louisiana.

Weathington filed a motion for summary judgment and/or jury trial (Doc. 36), which the defendant opposes (Doc. 38).

## Law and Analysis

### Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the

---

[2] Weathington's complaint against Lt. Transou was dismissed without prejudice (Doc. 29), Weathington's Bivens claims against Keffer, Valdez, Lonidier (now Brown), Trull and Stevens were dismissed with prejudice (Doc. 29), and Weathington's FTCA claim for assault and battery was dismissed with prejudice (Doc. 29).

[3] Weathington contends he was charged and convicted in federal court of assault resulting in serious bodily injury and received a disciplinary report with loss of good time credits, as well. USA v. Weathington, 09-cr-0196 (W.D.La. 2009).

2

motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. <u>Herrera v. Millsap</u>, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

<u>Weathington's Motion for Summary Judgment</u>

The defendants contend Weathington is not entitled to a summary judgment because he has not supported his motion with any summary judgment evidence.

3

Weathington has not supported his motion with any affidavits, a statement of undisputed facts, or other evidence as required by law. Unsupported allegations are insufficient to either support or defeat a motion for summary judgment. McCallum Highlands, Ltd. v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), op. revised in other part, 70 F.3d 26 (5th Cir. 1995), citing Galindo v. Precision American Corp., 754 F.2d 1212, 1216 (5th Cir. 1985). Also, Newkirk v. Keyes Offshore, Inc., 782 F.2d 499, 502 (5th Cir. 1986).

Defendants' previously filed motions for summary judgment (Docs. 18, 19) were supported by extrinsic evidence. This court found there were genuine issues of material fact as to Weathington's FTCA claim for failure to protect and denied the United States' motion (Doc. 19) as to that claim.

Since Weathington has not introduced any additional evidence to demonstrate the absence of a genuine issue of material fact, Weathington is not entitled to a summary judgment in his favor at this point in the case.

Defendant also opposes the motion for summary judgment on the ground that Weathington has introduced a new FTCA claim based on the guards' failure to protect him from the assault. However, as discussed in the previous Report and Recommendation (Doc. 23) and reflected in earlier pleadings, and as set forth in a judgment entered in March 2011 (Doc. 29), Weathington's failure to protect

4

claim under the FTCA is the sole remaining claim in this case.

Therefore, Weathington's motion for summary judgment should be denied, his motion for a jury trial should be granted, and this case should be set for trial of Weathington's failure to protect claim pursuant to the FTCA.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Weathington's motion for summary judgment should be denied (Doc. 36), his motion for a jury trial should be granted (Doc. 36), and this case should be set for trial.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 13th day of December 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE